**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 22-4672**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ROBERT KEVIN BODDIE,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Terrence W. Boyle, District Judge.  (5:19-cr-00462-BO-1)

Submitted:  October 31, 2023                          Decided:  November 2, 2023

Before HARRIS and QUATTLEBAUM, Circuit Judges, and KEENAN, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  G. Alan DuBois, Federal Public Defender, Jennifer C. Leisten, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant.  Michael F. Easley, Jr., United States Attorney, David A. Bragdon, Assistant United States Attorney, John L. Gibbons, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Robert Kevin Boddie pled guilty to Hobbs Act robbery, 18 U.S.C. § 1951(b)(1), brandishing a firearm during and in relation to a crime of violence (Hobbs Act robbery), 18 U.S.C. § 924(c)(1)(A)(ii), and possession of a firearm as a convicted felon, 18 U.S.C. §§ 922(g)(1), 924.* The district court sentenced Boddie in June 2020 to an aggregate term of 264 months' imprisonment. On appeal from this judgment, we granted the parties' joint motion to remand for resentencing based on the fact that the written judgment contained conditions of supervised release that the district court had not orally announced. *See United States v. Rogers*, 961 F.3d 291 (4th Cir. 2020).

On remand, the district court conducted a resentencing hearing and, in light of the Supreme Court's intervening decision in *United States v. Taylor*, 142 S. Ct. 2015 (2022), determined that Boddie no longer qualified for the career offender and armed career criminal enhancements because Boddie's prior conviction for North Carolina attempted common law robbery no longer qualified as a crime of violence. Boddie's new advisory Sentencing Guidelines range was 77 to 96 months' imprisonment. The court imposed a downward variance sentence of 60 months' imprisonment on the Hobbs Act robbery conviction, a 60-month concurrent sentence on the felon-in-possession conviction, and a

---

* Section 924(a)(2) was amended and no longer provides the penalty for § 922(g) convictions. The new penalty provision in 18 U.S.C. § 924(a)(8) sets forth a statutory maximum sentence of 15 years' imprisonment for a § 922(g) offense. *See* Bipartisan Safer Communities Act, Pub. L. No. 117-159, § 12004(c), 136 Stat. 1313, 1329 (2022). The 15-year statutory maximum does not apply here, however, because Boddie committed his offense before the June 25, 2022, amendment of the statute.

mandatory consecutive sentence of 84 months on the § 924(c) conviction, for an aggregate sentence of 144 months. Boddie appeals.

Relying on the Supreme Court's decision in *United States v. Taylor*, 142 S. Ct. 2015 (2022), which held that *attempted* Hobbs Act robbery does not qualify as a crime of violence under § 924(c), Boddie contends that Hobbs Act robbery is no longer a crime of violence. He therefore argues that his conviction for brandishing a firearm in furtherance of a crime of violence, which is predicated upon Hobbs Act robbery, is invalid.

Boddie first asserts that the Hobbs Act robbery statute is indivisible and because the Supreme Court held in *Taylor* that one of the means of committing the offense—attempted Hobbs Act robbery—is not a crime of violence for purposes of 18 U.S.C. § 924(c), the statute as a whole is not a crime of violence. He further argues that, even if the statute is divisible, Hobbs Act robbery does not qualify as a crime of violence because it can be committed by means other than a threat of physical force, *i.e.*, by threatening injury to intangible property or threatening economic harm, and in order to qualify as a crime of violence under § 924(c)'s force clause, the offense must have as an element "the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A). Lastly, Boddie contends that Hobbs Act robbery does not qualify as a crime of violence because it can be committed by threatening de minimis force against the property of another.

We have previously held that "Hobbs Act robbery constitutes a crime of violence under the force clause of [§ 924(c)]." *United States v. Mathis*, 932 F.3d 242, 266 (4th Cir. 2019). And "one panel [of this court] cannot overrule another." *United States v.*

3

*Runyon*, 994 F.3d 192, 201 (4th Cir. 2021).  An exception to this rule applies if "the prior opinion has been overruled by an intervening opinion from this court sitting *en banc* or the Supreme Court." *McMellon v. United States*, 387 F.3d 329, 333 (4th Cir. 2004).  Boddie contends that the Supreme Court's decision in *Taylor* and our decision in *United States v. Melaku*, 41 F.4th 386, 391 (4th Cir. 2022), are intervening opinions that overrule *Mathis*.  However, we have recently addressed this question and held that "[n]othing about this Court's decision in *Mathis* conflicts with *Taylor*." *United States v. Green*, 67 F.4th 657, 669 (4th Cir. 2023), *cert. denied*, No. 23-5194, 2023 WL 6378848 (U.S. Oct. 2, 2023); *see Melaku*, 41 F.4th at 394 n.9 (reaffirming the holding in *Mathis*).  Boddie's arguments to the contrary are foreclosed by circuit precedent.  *See Green*, 67 F.4th at 668-71.

We therefore deny as moot Boddie's motion to hold this appeal in abeyance for *Green*, and we affirm the criminal judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

4